IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

THOMAS F. SEBASTIAN )
and ROBERTA SEBASTIAN, )
)
Plaintiffs, ) TC-MD 130034C
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION**

This matter is before the court on its own motion to dismiss Plaintiffs' appeal as to the

tax liability issue and to deny their other requests. A case management hearing was scheduled

for March 25, 2013. Plaintiffs failed to appear. Defendant's representative did appear, but the

court did not proceed due to Plaintiffs' absence. Upon further consideration, the court finds no

further proceedings are necessary.

Plaintiffs filed an appeal in this court on January 22, 2013 (date of postmark of envelope

containing Complaint) challenging Defendant's asserted deficiency against them for the 2011 tax

year related to certain claimed state tax withholding. (Ptfs' Compl at 1, 2.) Plaintiffs also

requested the court order Defendant to pay "restitution * * * of the [$]240.00 it cost to file our

appeal," and "an apology." (Ptfs' Compl at 4.) Plaintiffs provided copies of their W-2 wage

statements with their Complaint. (*Id*. at 3.)

Defendant responded with an Answer stating that it would allow Plaintiffs credit for the

$1,357 of disputed withholding claimed by the Plaintiffs on their 2011 state income tax return

/ / /

/ / /

because Plaintiffs provided substantiation with their appeal Complaint.[1]  (Def's Ans at 1.) Defendant asked the court to dismiss the other two claims (refund of filing fee and apology). (*Id.*)

On or about February 28, 2013, Plaintiffs sent a letter to the court indicating that they were in agreement with Defendant's decision to cancel the $1,357 tax liability.  That letter is dated February 26, 2012.[2]  That is the only tax matter involved in the appeal.  However, Plaintiffs continue to press for the two other forms of relief – refund of the $240 cost associated with filing the appeal and an apology for the time and effort Plaintiffs state they and the court expended for what Plaintiffs characterize as a waste of public revenue.  The court will not grant either request.

Plaintiffs' request for restitution (refund of their court filing fee) is properly characterized as a request for costs and disbursements.  Plaintiffs have not cited any legal authority for that request, but, instead, have provided a narrative explanation intended to justify their request based on their view that the appeal was only necessary because Defendant mishandled their "tax forms."  (Ptfs' Ltr, Feb 28, 2013.)  This court has historically denied such requests under the rationale that payment of the filing fee is a "cost," and there is no statute or rule providing for an award of costs and disbursements in the Magistrate Division.  See *e.g.*, *Johnson v. Dept. of Rev.*, TC-MD No 111148C at 2 (Aug 16, 2012) (denying taxpayers' request for refund of filing costs because ORS 305.490, the statute covering the award of costs and disbursements, only applies to the Regular Division of the court), citing *Ellibee v. Dept. of Rev.*, TC-MD No 020026D at 5-6

---

[1] Both taxpayers were employed in 2011, earned wages, and had state income taxes withheld.  Thomas Sebastian had $1,356.67 withheld by his employer and Roberta Sebastian had $1,663.44 withheld from her wages. It was apparently Thomas Sebastian's withholding that was at issue.

[2] The court assumes Plaintiffs made a typographical error in the date, intending the year to be 2013 and not 2012, because the body of the letter concerns actions taken both before and after Plaintiffs filed their appeal in this court, and their letter was received and filed by the court two days later on February 28, 2013.

(May 8, 2003); *Wihtol v. Multnomah County Assessor*, TC-MD No 120762N at 1-2 (Jan 30, 2013) (denying plaintiff's request for an award equal to the $240 filing fee because of a lack of legal authority for such an award).

The Regular Division of the Tax Court left the question somewhat open in *Bell v. Dept. of Rev.* (*Bell*), TC 5089 at 2 (Aug 7, 2012). The *Bell* court stated in pertinent part:

> "Either the magistrate had statutory authority to award costs, under ORS 182.090 or ORS 305.490, or she did not. If she did, she correctly denied any award of costs. * * * Alternatively, if the magistrate did not have statutory jurisdiction, this court, *de novo*, has such authority. However, in that case, the court also concludes that there is no basis in law for an award for the reason that the department had a reasonable basis in fact or law, or both for the actions it took in this matter."

The court need not, in this case, determine the legal question of whether it has the authority by statute or rule to order a refund of the court filing fee as an award of costs because the statute and rule specifically addressing costs in tax matters, ORS 305.490[3] and TCR 68 A and B, are discretionary in nature[4], and the statute applicable to state administrative agencies, ORS 182.090, requires "a reasonable basis in fact or in law." In either case, the court finds that Plaintiffs in this case are not entitled to a refund of their filing fee under any characterization because, as in *Bell*, it was the taxpayers' actions and inactions that resulted in the assessment and the necessity of an appeal to this court to obtain the relief Plaintiffs sought and ultimately obtained.

/ / /

---

[3] All of the court's references to the Oregon Revised Statutes (ORS) are to 2011.

[4] ORS 305.490(4) provides in relevant part that "the court *may* allow the taxpayer, in addition to costs and disbursements, * * * [attorney fees and expenses]." (Emphasis added.) The word "may" confers discretion. TCR 68 B is worded slightly stronger but does nonetheless contain certain qualifiers. That rule provides that "costs * * * *shall* be allowed to the prevailing party * * * *unless* the court *otherwise directs*." (Emphasis added.) Although the word "shall" is mandatory, an award of costs is premised on the requesting party "prevailing," and also allows the court to direct otherwise.

On July 20, 2012, Defendant sent Plaintiffs a Request for Information specifically requesting that Plaintiffs provide Defendant with a copy of their federal tax return and their original W-2s and/or 1099 forms. (Def's Ans Clarification at 3.) Plaintiffs claim they never received that letter. However, Defendant then sent a Notice of Deficiency on November 20, 2012, to which Plaintiffs responded by submitting a written objection as provided by statute. Unfortunately for Plaintiffs, they did not provide the one critical document that would have resolved the matter – their W-2s. Plaintiffs did supply those items with their appeal to this court, and it was the submission of those documents that resulted in the parties' agreement resolving the action that prompted this appeal; the deficiency denying a portion of Plaintiffs' reported withholdings. On those facts, the court finds Plaintiffs are not entitled to a refund of their filing fee, if, indeed, court has such authority.[5]

Finally, Plaintiffs' request for an apology is neither supported by statute or rule, nor warranted for the same reason that the court has found Plaintiffs are not entitled to a refund of the filing fee. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed as to the tax liability question, and denied as to Plaintiffs' requests for a refund of the filing fee and an apology. The dismissal is based on the parties' agreement as to the underlying tax issue. The parties are in agreement that Plaintiffs are allowed $1,357 of additional withholding for 2011, which reduces their tax liability for that tax year by that amount. The denial relates to Plaintiffs'

/ / /

/ / /

---

[5] The primary statute governing appeals in the tax court that addresses fees, including costs and disbursements, is ORS 305.490, and the relevant language in an income tax case is found in subsection (3) which provides in relevant part: "If, in any proceeding before the tax court *judge* * * *." (Emphasis added.) Plaintiffs' appeal is before a tax court magistrate, not the tax court judge. The tax court has two divisions; the judge and the magistrates are in separate divisions of the court.

requests for a refund of their filing fee and an apology. Both of those requests are denied for the reasons stated above.

Dated this ____ day of April 2013.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on April 4, 2013. The Court filed and entered this document on April 4, 2013.*